**Cheldon Dewayne WAGGONER, aka Cheldon Waggoner, aka Cheldon D. Waggoner, Plaintiff–Appellant,**

v.

**Marlene COFFEY, Protective Custody Administrator at Central Office, Defendant–Appellee.**

No. 15–16149.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2016.*

Filed March 23, 2016.

Cheldon Dewayne Waggoner, Florence, AZ, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

Arizona state prisoner Cheldon Dewayne Waggoner appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendant violated his Eighth Amendment rights by denying his requests for protective custody. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir.2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Waggoner's action because Waggoner failed to allege facts sufficient to show that defendant knew of Waggoner's alleged fear of an assault by other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate ... safety[.]"); *see also Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir.2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).